

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

December 1, 2022

**VIA ECF**

Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 619
New York, NY  10007

      **Re:**    **Lawal v. Teddy Sack Corp.**
              *Case No. 22-cv-8487 (ER) (JLC)*

Dear Judge Ramos:

      We represent defendant Teddy Sack Corp. in the above-referenced matter, and we submit this letter pursuant to paragraph 2.A.ii of Your Honor's Individual Practices to request a pre-motion conference in this case for the purpose of making a motion to dismiss. Defendant seeks to move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

      This case was brought under the Americans with Disabilities Act (and parallel New York City law), and represents just one of hundreds of cookie-cutter website accessibility lawsuits filed each month by a handful of plaintiffs/plaintiffs' attorneys in this district.  It alleges that defendant violated the ADA in that its website was in some way not accessible to plaintiff, who is purportedly blind or visually impaired. Like all of these lawsuits, the complaint in the instant case is conclusory, containing almost no specific allegations about the defendant or its website, and is so boilerplate that it — like every other such lawsuit filed by this plaintiff's counsel, regardless of who they use as their plaintiff — contains generic phrases such as "Plaintiff visited the website … with the intent of browsing and potentially making a purchase."

      Defendant's primary argument is that plaintiff lacks standing to bring the ADA claims asserted. In order to establish Article III standing, a plaintiff must sufficiently plead: "(l) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167, 180-81 (2000). But plaintiff has failed to do so here. She has neither adequately pleaded a concrete and particularized injury — failing to plead why she was visiting the website or how issues with the website prevented her from completing a transaction at the website — nor that any such injury would be redressable by a favorable

Hon. Edgardo Ramos, U.S.D.J.
December 1, 2022
Page 2 of 2

decision. The Second Circuit has twice recently reiterated — in *Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2nd Cir. 2022) and then even more forcefully in *Calcano v. Swarovski North America Limited*, 2022 WL 1788305 at *4 (2nd Cir. 2022), that far more facts are required in order plead entitlement to relief.

Even if the bare bones complaint were sufficient to establish *standing*, though, plaintiff's complaint should be dismissed because it fails to satisfy the pleading standards set by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Those cases establish that under Fed. R. Civ. P. 8, plaintiffs must plead facts sufficient to nudge their case from possible to plausible. Simply reciting the elements of a cause of action are not enough. And yet, that is essentially what plaintiff has done here. Further, she asks for compensatory damages without ever even pleading that she has actually been damaged; she asks for statutory damages that do not exist under the applicable statutes; and she asks for "civil penalties and fines" for which there is no private right of action.

Additionally, the same standing and pleading analysis described above applies under New York State/City law, and thus plaintiff's claims should be dismissed on that basis; even if the analysis did not, defendant would argue in the alternative that the court should not accept supplemental jurisdiction over that claim if it dismissed plaintiff's federal claims. Indeed, because plaintiff's claims under the ADA are purely for injunctive relief, the New York State/City law claims, which allow for damages, are likely to predominate over federal claims.

We thank the Court for its attention to this matter. We are available at Your Honor's convenience if the Court has any questions, and we look forward to fully briefing these issues for the Court's consideration.

Respectfully submitted,

David Stein

cc: Yitzchak Zelman, Esq. (via ECF)